An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DWAYNE ALIGHIERI THURMOND,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JEROME T. TAO, DISTRICT JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 61877

**FILED**

FEB 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malone
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus challenges a district court order denying a motion to disqualify the Clark County District Attorney's Office from prosecuting petitioner. Petitioner asserts the district attorney's office has a conflict of interest because one of the victims in the criminal complaint is a deputy district attorney. We disagree and therefore deny the petition.[1]

Mandamus is an extraordinary remedy, and the decision to entertain a petition for a writ of mandamus rests within our discretion. See Poulos v. District Court, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); see also State ex rel. Dep't Transp. v. Thompson, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). We have indicated that mandamus is the

---

[1]The petitioner alternatively seeks a writ of prohibition. Because he has not demonstrated that the district court lacked jurisdiction or acted in excess of its jurisdiction, see NRS 34.320, prohibition is not available.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04957

appropriate vehicle for challenging attorney disqualification rulings. See generally Collier v. Legakes, 98 Nev. 307, 646 P.2d 1219 (1982). But "[t]he disqualification of a prosecutor's office rests with the sound discretion of the district court," id. at 309, 646 P.2d at 1220, and "while mandamus lies to enforce ministerial acts or duties and to require the exercise of discretion, it will not serve to control the proper exercise of that discretion or to substitute the judgment of this court for that of the lower tribunal," id. at 310, 646 P.2d at 1221. Accordingly, where the district court has exercised its discretion, a writ of mandamus is available only to control an arbitrary or capricious exercise of discretion. See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). "An arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." State v. Dist. Ct. (Armstrong), 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (citations omitted).

Petitioner contends that the district court acted arbitrarily or capriciously when it denied his motion to disqualify the Clark County District Attorney's Office. Petitioner argues that it is a conflict for the Clark County District Attorney's Office to continue prosecuting the case against him because one of the victims is a deputy district attorney. He claims that the office's continued prosecution of him would deprive him of a fair trial and would create an appearance of impropriety.

Petitioner fails to demonstrate that the district court acted arbitrarily or capriciously. In Collier, we held that when exercising its discretion on whether to disqualify due to a conflict of interest, the district court "should consider all the facts and circumstances and determine whether the prosecutorial function could be carried out impartially and

without breach of any privileged information." 98 Nev. at 310, 646 P.2d at 1220. There is no potential breach of privileged information in this case, so the inquiry should be whether the prosecutorial function can be carried out impartially. This is similar to the finding in several other states that a conflict of interest may exist if there is a "reasonable possibility that the prosecutor's office may not exercise its discretionary function in an evenhanded manner." State v. Cope, 50 P.3d 513, 515 (Kan. Ct. App. 2002); see also Milsap v. Superior Court, 82 Cal. Rptr. 2d 733, 735 (Ct. App. 1999); People v. C.V., 64 P.3d 272, 275 (Colo. 2003); Head v. State, 560 S.E.2d 536, 537-38 (Ga. Ct. App. 2002).

In Collier, this court held that vicarious disqualification may be required in "extreme cases where the appearance of unfairness or impropriety is so great that the public trust and confidence in our criminal justice system could not be maintained without such action." 98 Nev. at 310, 646 P.2d at 1221. The State is correct that the appearance-of-impropriety standard is no longer recognized by the American Bar Association. Liapis v. Dist. Ct., 128 Nev. ___, ___, 282 P.3d 733, 736-37 (2012); Brown v. Dist. Ct., 116 Nev. 1200, 1204 n.4, 14 P.3d 1266, 1269 n.4 (2000). However, the standard adopted by several other courts or legislatures after rejecting the appearance-of-impropriety standard is similar to the language used in Collier to explain what constitutes an appearance of impropriety for public lawyers. Most of these states allow recusal only if the conflict would render it unlikely that the defendant will receive a fair trial.[2] Cal. Penal Code § 1424(a)(1); Cope, 50 P.3d at 515-16;

_____

[2]Some courts have gone further, finding that a mere appearance of impropriety is not enough and require a showing of actual prejudice to the

*continued on next page...*

C.V., 64 P.3d at 275. This concern is included in the test espoused in Collier—whether the public trust and confidence in the criminal justice system could be maintained. Thus, while we acknowledge that the appearance-of-impropriety standard has been rejected by numerous courts, because our definition of appearance-of-impropriety in Collier comports with the standard other states now apply, we will continue to determine whether the conflict of interest undermines the public trust and confidence in the criminal justice system.[3]

We conclude that the petitioner failed to demonstrate there was a conflict of interest or that the continued prosecution by the Clark County District Attorney's Office would undermine the public trust and confidence in the criminal justice system. One of the victims in this case is a deputy district attorney. If the victim-deputy was prosecuting the case herself, there would be a conflict of interest as it would call into question her impartiality and the ability of petitioner to receive a fair trial. But the victim-deputy is not prosecuting this case. Further, although there does not appear to be any formal screening procedure in place, it appears that the victim-deputy has been appropriately screened from this case because the victim-deputy is in a different unit from the deputy assigned to this case and it does not appear that she has had any involvement in this case

---

...continued
defendant. Schumer v. Holtzman, 454 N.E.2d 522, 526 (N.Y. 1983); Haywood v. State, 344 S.W.3d 454, 462-63 (Tex. Crim. App. 2011).

[3]Other states have continued to apply the appearance of impropriety standard while noting that the American Bar Association no longer recognizes it. State v. Retzlaff, 490 N.W.2d 750, 752 (Wis. Ct. App. 1992); State ex rel. Romney v. Superior Court, 891 P.2d 246, 251 (Ariz. Ct. App. 1995).

outside of her involvement as a victim.[4] Moreover, petitioner has been charged in a 47-count information with 15 different victims. The victim-deputy is only involved in two of these counts and these counts are gross-misdemeanors rather than the more serious charges of sexual assault. Petitioner fails to demonstrate that the facts of this case show that the prosecutorial function could not be carried out impartially or that there was an appearance of impropriety sufficient to undermine the public trust and confidence in the criminal justice system that would require the disqualification of the entire Clark County District Attorney's Office. Therefore, the district court did not act arbitrarily and capriciously in exercising its discretion.[5] Accordingly, we

ORDER the petition DENIED.[6]

_____, J.
Hardesty

_____, J.
Parraguirre

---

[4]We note that petitioners did not challenge the specific screening procedures that may be in place at the Clark County District Attorney's Office in regards to this case.

[5]To the extent that petitioner argues that the district court should have held an evidentiary hearing before exercising its discretion to deny the motion to recuse, petitioner failed to demonstrate that an evidentiary hearing was necessary to resolve a factual issue. The district court based its decision to deny the motion on all of the facts and circumstances necessary to make the decision including the briefs and affidavits filed by the parties.

[6]Given the resolution of this case, we deny the State's request to allow a response to the petitioner's reply.

CHERRY, J., dissenting:

I would grant the petition for a writ of mandamus because it is a conflict of interest for the Clark County District Attorney's Office to continue to prosecute petitioner and the appearance of unfairness or impropriety is so great that the public trust and confidence in our criminal justice system could not be maintained without disqualifying the entire office. Further, screening the victim-deputy from the case would not ease the appearance of unfairness. In particular, the possibility that the prosecution of this case will be adversely affected by undue pressure, whether real or perceived, to obtain a conviction on behalf of a victimized colleague is too great to ignore. Under the circumstances, I question the Clark County District Attorney's Office's failure to sever the counts involving the victim-deputy from the remaining 45 counts and failure to request that either the Attorney General's Office take over the prosecution of those two charges, NRS 228.130, or that a special prosecutor be appointed, NRS 252.100(1). Accordingly, I dissent.

_____Cherry_____, J.
Cherry

cc:  Hon. Jerome T. Tao, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk